United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEN WALTERS, *et al.*,

        Plaintiffs,

    v.

FRANK GEORGE SILVERIA, JR., *et al.*,

        Defendants.
_____/

No. C-07-1053 EMC

**ORDER RE SUPPLEMENTAL BRIEFING AND EVIDENCE**

    Plaintiffs in the above-referenced case have moved for default judgment. Having reviewed Plaintiffs' motion and accompanying submissions, the Court hereby orders Plaintiffs to provide supplemental briefing and evidence as follows.

1.    The proof of service for the summons and complaint indicates that Frank George Silveria, Jr., was served by substitute service pursuant to California law. *See* Cal. Code of Civ. Proc. § 415.20(b). However, under § 415.20(b), substitute service on an individual is permitted only when "the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served." *Id.* Plaintiffs should provide evidence that the summons and complaint could not, with reasonable diligence, be served on Mr. Silveria. In addition, under § 415.20(b), the summons and complaint should be served "at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address." *Id.* The proof of service indicates that the summons and complaint

were served at Mr. Silveria's residence but does not establish that the documents were left with a member of the household.  Rather, the proof of service reflects that the documents were left with a "Jane Doe" "apparently in charge," the standard generally applicable to businesses.  Plaintiffs should provide evidence (such as revised proof of service) that the requirements of § 415.20(b) were satisfied (*i.e.* the person served was a member of the household).  *Cf.* Fed. R. Civ. P. 4(e) (authorizing service by leaving papers with a person "residing" in defendant's dwelling house or usual place of abode).

2. Based on the papers submitted, it appears that Silveria Construction is a sole proprietorship, with Mr. Silveria as the owner.  *See* McBride Decl., Ex. C.  Hence, service under § 415.20(b) -- and the analysis above -- would be applicable with respect to Silveria Construction as well (as opposed to § 415.20(a)).

3. Under Federal Rule of Civil Procedure 55, a default judgment may not be entered against an infant or incompetent person unless represented in the action by a general guardian or other such representative who has appeared.  *See* Fed. R. Civ. P. 55.  Furthermore, a default judgment may not be entered against an individual in military service until after the court appoints an attorney to represent the defendant.  *See* 50 U.S.C. App. § 521.  While it may be inferred that Mr. Silveria as a business owner is a competent adult, Plaintiffs should provide some evidence or indication that Mr. Silveria is not in military service as the statute requires.

4. The McBride declaration refers to the Annuity Trust Fund for Operating Engineers, *see* McBride Decl. ¶ 9 & Ex. E; however, the Annuity Trust Fund does not appear one of the trust funds at issue in the case).  Plaintiffs should clarify this matter.

IT IS SO ORDERED.

Dated: July 11, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge