**United States District Court**
For the Northern District of California

1
2
3
4
5           UNITED STATES DISTRICT COURT
6           NORTHERN DISTRICT OF CALIFORNIA
7
8   KEN WALTERS, *et al.*,                No. C-07-1053 EMC
9          Plaintiffs,
10      v.                      **AMENDED ORDER RE SUPPLEMENTAL BRIEFING AND**
11   FRANK GEORGE SILVERIA, JR., *et al.*,    **EVIDENCE**
12         Defendants.
   _____/
13
14
15       Plaintiffs in the above-referenced case have moved for default judgment.  Having reviewed

16 Plaintiffs' motion and accompanying submissions, the Court hereby orders Plaintiffs to provide

17 supplemental briefing and evidence as follows.

18  1.    The proof of service for the summons and complaint indicates that Frank George Silveria,

19       Jr., was served by substitute service pursuant to California law. *See* Cal. Code of Civ. Proc.

20       § 415.20(b).  However, under § 415.20(b), substitute service on an individual is permitted

21       only when "the summons and complaint cannot with reasonable diligence be personally

22       delivered to the person to be served." *Id.*  Plaintiffs should provide evidence that the

23       summons and complaint could not, with reasonable diligence, be served on Mr. Silveria.  In

24       addition, under § 415.20(b), the summons and complaint should be served "at the person's

25       dwelling house, usual place of abode, usual place of business, or usual mailing address other

26       than a United States Postal Service post office box, in the presence of a competent member

27       of the household or a person apparently in charge of his or her office, place of business, or

28       usual mailing address." *Id.*  The proof of service indicates that the summons and complaint

**United States District Court**
For the Northern District of California

1   were served at Mr. Silveria's residence but does not establish that the documents were left

2   with a member of the household.  Rather, the proof of service reflects that the documents

3   were left with a "Jane Doe" "apparently in charge," the standard generally applicable to

4   businesses.  Plaintiffs should provide evidence (such as revised proof of service) that the

5   requirements of § 415.20(b) were satisfied (*i.e.* the person served was a member of the

6   household).  *Cf.* Fed. R. Civ. P. 4(e) (authorizing service by leaving papers with a person

7   "residing" in defendant's dwelling house or usual place of abode).

8   2.   Based on the papers submitted, it appears that Silveria Construction is a sole proprietorship,

9   with Mr. Silveria as the owner.  *See* McBride Decl., Ex. C.  Hence, service under § 415.20(b)

10   -- and the analysis above -- would be applicable with respect to Silveria Construction as well

11   (as opposed to § 415.20(a)).

12   3.   Under Federal Rule of Civil Procedure 55, a default judgment may not be entered against an

13   infant or incompetent person unless represented in the action by a general guardian or other

14   such representative who has appeared.  *See* Fed. R. Civ. P. 55.  Furthermore, a default

15   judgment may not be entered against an individual in military service until after the court

16   appoints an attorney to represent the defendant.  *See* 50 U.S.C. App. § 521.  While it may be

17   inferred that Mr. Silveria as a business owner is a competent adult, Plaintiffs should provide

18   some evidence or indication that Mr. Silveria is not in military service as the statute requires.

19   4.   The McBride declaration refers to the Annuity Trust Fund for Operating Engineers, *see*

20   McBride Decl. ¶ 9 & Ex. E; however, the Annuity Trust Fund does not appear one of the

21   trust funds at issue in the case).  Plaintiffs should clarify this matter.

22   **5.   Supplemental briefing and evidence shall be filed by July 25, 2007.**

23

24   IT IS SO ORDERED.

25

26   Dated:  July 11, 2007

27   _____

28   EDWARD M. CHEN
United States Magistrate Judge

2