United States District Court

For the Northern District of California

1

2

3

4

5                UNITED STATES DISTRICT COURT

6            NORTHERN DISTRICT OF CALIFORNIA

7

8   KEN WALTERS, *et al.*,                No. C-07-1053 EMC

9         Plaintiffs,

10     v.                   **REPORT AND RECOMMENDATION RE PLAINTIFFS' MOTION FOR**

11   FRANK GEORGE SILVERIA, JR., *et al.*,   **DEFAULT JUDGMENT**

12        Defendants.          **(Docket No. 12)**

13   _____/

14

15        Plaintiffs are various Trust Funds which, at all material times, were and now are employee

16 benefit plans within the meaning of the Employee Retirement Income Security Act ("ERISA").  The

17 Trust Funds filed suit against Defendants Frank George Silveria, Jr. and Silveria Construction,

18 pursuant to ERISA, *see* 29 U.S.C. § 1132, and the Labor Management Relations Act.  *See* 29 U.S.C.

19 § 185.  After Defendants failed to respond to the Trust Funds' complaint, default was entered on

20 May 23, 2007.  *See* Docket No. 10.  The Trust Funds thereafter moved for default judgment.  Having

21 considered the Trust Funds' briefs and accompanying submissions, as well as all other evidence of

22 record, the Court hereby recommends that the motion for default judgment be **GRANTED**.

23           **I.**    **FACTUAL & PROCEDURAL BACKGROUND**

24        The Trust Funds sued Mr. Silveria and Silveria Construction on February 21, 2007.  *See*

25 Docket No. 1.  According to the complaint, pursuant to various agreements, Defendants are

26 obligated to, *inter alia*, make contributions to the Trust Funds and permit audits of Defendants'

27 books and records in order to permit the Trust Funds to ascertain whether all contributions have

28 been timely paid.  *See* Compl. ¶¶ IV-V.  Although the Trust Funds have asked for an audit,

United States District Court

For the Northern District of California

1    Defendants have failed, refused, or neglected to allow an audit. *See id.* ¶ IX. The Trust Funds

2    therefore have been unable to determine whether or not Defendants have made prompt and correct

3    payment of all contributions owed. *See id.* ¶ VIII.

4         Mr. Silveria, individually and doing business as Silveria Construction, was served with the

5    summons and complaint on March 21 and 22, 2007. After Mr. Silveria did not respond to the

6    complaint, the Trust Funds requested entry of default, and default was entered on May 23, 2007.

7    *See* Docket No. 10. The Trust Funds thereafter filed the pending motion for default judgment on

8    June 11, 2007. In the motion, the Trust Funds ask for (1) an injunction directing Defendants to

9    submit to an audit of their books and records; (2) an order requiring Defendants to pay all amounts

10   found due and owing as a result of the audit; (3) an injunction requiring Defendants to timely submit

11   all required monthly contribution reports and contributions due and owing, plus interest and

12   liquidated damages; and (4) attorney's fees and costs.

## II.   DISCUSSION

14   A.   Adequacy of Service of Process

15        As a preliminary matter, the Court must first "assess the adequacy of the service of process

16   on the party against whom default is requested." *Board of Trustees of the N. Cal. Sheet Metal*

17   *Workers v. Peters*, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2,

18   2001). In the instant case, default judgment is sought with respect to two Defendants, Mr. Silveria

19   and Silveria Construction. However, because Silveria Construction appears to a sole proprietorship

20   only, *see* Supp. McBride Decl., Ex. A (business information for Silveria Construction provided by

21   California Contractors State Licensing Board), the basic question is whether Mr. Silveria, doing

22   business as Silveria Construction, was properly served.

23        Service for individuals is governed by Federal Rule of Civil Procedure 4(e). Under Rule

24   4(e)(1), an individual may be served pursuant to the law of the state in which the district court is

25   located or in which service is effected -- in this case, California. *See* Fed. R. Civ. P. 4(e)(1). The

26   proof of service reflects that Mr. Silveria was served pursuant to California Code of Civil Procedure

27   § 415.20(b). Under § 415.20(b),

28

> [i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Code Civ. Proc. § 415.20(b).

The Trust Funds have provided sufficient evidence showing that personal delivery on Mr. Silveria was attempted with reasonable diligence.  *See* Supp. Lozano-Batista Decl., Ex. A (reflecting three attempts at personal delivery prior to resort to substitute service).  Accordingly, the Trust Funds were entitled to use substitute service as a means to serve the summons and complaint on Mr. Silveria.  The Trust Funds have also provided sufficient evidence showing that Mr. Silveria's usual place of business is 8585 Julie Lynne Circle, Tracy, California,[1] *see* Supp. McBride Decl., Ex. A (business information for Silveria Construction provided by California Contractors State Licensing Board); that the summons and complaint were left with a person apparently in charge of the office; and that the summons and complaint were thereafter mailed to Mr. Silveria at his office. Accordingly, service of process was properly effectuated.

B.    Merits of Motion for Default Judgment

As noted above, Mr. Silveria's default was entered on May 23, 2007.  *See* Docket No. 10. After entry of default, a court may grant a default judgment on the merits of the case, so long as the defendant is not an infant or incompetent person or a person in military service.  *See* Fed. R. Civ. P. 55(b)(1); 50 App. U.S.C. § 521.  The Trust Funds have provided adequate evidence that Mr. Silveria is not an infant, incompetent person, person in military service, or person otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.  *See* Supp. McBride Decl. ¶ 2.  Accordingly, the Court must decide, in its discretion, whether a default judgment is appropriate.  *See Aldabe v.*

---

[1] The proof of service indicates that this address is also Mr. Silveria's residence.

1    *Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("The district court's decision whether to enter a

2    default judgment is a discretionary one.").

3         The following factors are considered by a court in deciding whether a default judgment is

4    proper:

5              (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's
               substantive claim, (3) the sufficiency of the complaint, (4) the sum of money
6              at stake in the action, (5) the possibility of a dispute concerning material facts,
               (6) whether the default was due to excusable neglect, and (7) the strong policy
7              underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

8    *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Because default has already been entered

9    in this case, the Court must take as true all factual allegations in the Trust Funds' complaint except

10   for those related to the amount of damages.  *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915,

11   917-18 (9th Cir. 1987).

12        The majority of the above factors weigh in favor of default judgment.  For example, if the

13   motion for default judgment were to be denied, then the Trust Funds would likely be without a

14   remedy.  *See Walters v. Shaw/Guehnemann Corp.*, No. C 03-04058 WHA, 2004 U.S. Dist. LEXIS

15   11992, at *7 (N.D. Cal. Apr. 15, 2004) ("To deny plaintiff's motion [for default judgment] would

16   leave them without a remedy.  Prejudice is also likely in light of the merits of their claims.");

17   *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion

18   for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").

19   Notably, on July 6, 2006, the Trust Funds informed Silveria Construction that they needed to

20   conduct an audit to determine whether all contributions had been made but Silveria Construction

21   refused to allow the audit.  *See* Compl. ¶ VIII & Ex. C (letter, dated July 6, 2006).  Also, the sum of

22   money at stake in the action is appropriate as it is tailored to the specific misconduct of Mr. Silveria.

23   *See Pepsico*, 238 F. Supp. 2d at 1176 (stating that "the court must consider the amount of money at

24   stake in relation to the seriousness of Defendant's conduct").  Finally, because Mr. Silveria has not

25   filed an answer to the complaint, there is nothing to suggest that there is a possibility of a dispute

26   concerning material facts.  Further, there is no indication that Mr. Silveria's default was due to

27   excusable neglect.

28

**United States District Court**

For the Northern District of California

1    The only factors that deserve closer analysis are the second and third *Eitel* factors -- *i.e.*, the

2    merits of the Trust Funds' substantive claim and the sufficiency of the complaint.

3    The Trust Funds have provided evidence that Silveria Construction entered into a

4    Construction Agreement with Operating Engineers Local Union No. 3.  *See* McBride Decl., Ex. A

5    (Construction Agreement).  In the agreement, Silveria Construction agreed to be bound by the terms

6    of the Master Agreement between the Union and the Associated General Contractors of California,

7    Inc.  *See id.*; *see also id.*, Ex. B (Master Agreement).  The Master Agreement requires each

8    Individual Employer to "make [contributions to the Trust Funds] for each hour worked or paid each

9    Employee by an Individual Employer covered by this Agreement."  *Id.*, Ex. B (Master Agreement §

10   12.01.00).  If payment of contributions in full is not made within the time provided, then liquidated

11   damages are assessed "in the sum of thirty-five dollars ($35.00) or fifteen percent (15%) of the

12   amount due and unpaid to each such Trust, whichever is greater, for each failure to pay in full within

13   the time provided."  *Id.* (Master Agreement § 12.13.00).  The liquidated damages become a part of

14   the amount due and unpaid "and the whole thereof shall bear interest at the rate of twelve percent

15   (12%) per annum until paid."  *Id.* (Master Agreement § 12.13.00).

16   The Master Agreement also incorporates the terms of the Trust Agreements for the Trust

17   Funds at issue.  *See id.* (Master Agreement § 12.01.00) (providing that "[e]ach Individual Employer

18   is bound by all the terms and conditions of each Trust Agreement [for the Trust Funds at issue] and

19   any amendment or amendments").  The Trust Agreements for the Trust Funds at issue provide for an

20   audit of the books and records of the individual employer so that the Trust Funds may determine if

21   the employer is making full and prompt payment of contributions.  *See id.* ¶ 9 & Ex. D

22   (representative Trust Agreement Art. IV, § 6) ("Reasonable cause appearing therefor upon notice in

23   writing from the Board, a Contributing Employer must permit a certified public accountant

24   appointed by the Board to enter upon the premises of such employer during business hours, at all

25   reasonable time or times, and to examine and copy such books, records, papers or reports of such

26   Contributing Employer as may be necessary to determine whether such Contributing Employer is

27   making full and prompt payment of all sums required to be paid by him or it to this [Trust] Fund.");

28   *see also id.*, Exs. E-G (other Trust Agreements).

**United States District Court**
For the Northern District of California

1  The Trust Funds' complaint alleges, and the court must accept as true, *see Televideo Sys.,*
2  *Inc.*, 826 F.2d at 917, that the Trust Funds sought an audit from Mr. Silveria in order to determine
3  whether prompt and correct payment of contributions was being made and that Mr. Silveria failed to
4  allow the Trust Funds to conduct an audit, as required by the agreements described above.  *See*
5  Compl. ¶ VIII.  "Where a Fund's trust documents, to which an employer has bound itself,
6  specifically provide that Fund trustees can examine any of the employer's records, an employer must
7  comply with such agreed upon obligations."  *Engineers Joint Welfare, Pension, Supplemental*
8  *Unemployment Benefit & Training Funds v. BDR, Inc.*, No. 05-CV 1385 (NAM/GHL), 2006 U.S.
9  Dist. LEXIS 70967, at *9 (N.D.N.Y. Sept. 29, 2006); *see also Central States, Southeast &*
10 *Southwest Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 581 (1985) (in action in which
11 employee benefit plans asked for court order permitting their auditors to conduct an audit of
12 employers, concluding that the audit requested was "well within the authority of the trustees as
13 outlined in the trust documents").  Thus, the Trust Funds have successfully stated a claim for relief,
14 and the second and third *Eitel* factors also weigh in favor of default judgment.

15 For the foregoing reasons, the Court recommends that the Trust Funds' motion for default
16 judgment be granted.

17 C.   Damages and Other Relief

18 Because the Court concludes that default judgment is warranted, it must determine what
19 damages or other relief is appropriate.  In their motion, the Trust Funds ask for (1) an injunction
20 directing Defendants to submit to an audit of their books and records; (2) an order requiring
21 Defendants to pay all amounts found due and owing as a result of the audit; (3) an injunction
22 requiring Defendants to timely submit all required monthly contribution reports and contributions
23 due and owing, plus interest and liquidated damages; and (4) attorney's fees and costs.  The Trust
24 Funds have the burden of "proving up" their damages or the need for other requested relief.  *See*
25 *Board of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc.,* No. 04-02841 CW, 2005 WL
26 433462, at *2 (N.D. Cal. Feb. 24, 2005) ("Plaintiff has the burden of proving damages through
27 testimony or written affidavit.").
28 ///

**United States District Court**
For the Northern District of California

1. <u>Audit</u>

The Trust Funds ask first for an order requiring Defendants to comply with the Trust Funds' audit request. In light of the agreements described above and the Supreme Court's *Central States* opinion, the Court recommends that this relief be granted. That is, Defendants should be required to "permit a certified public accountant appointed by the Board to enter upon the premises of [Defendants] during business hours, at all reasonable time or times, and to examine and copy such books, records, papers or reports of such Contributing Employer as may be necessary to determine whether such Contributing Employer is making full and prompt payment of all sums required to be paid by him or it to [the Trust Funds at issue]." McBride Decl., Ex. D (representative Trust Agreement Art. IV, § 6).

Such relief would also be appropriate under ERISA, to the extent the audit is tailored to the purpose of verifying that required contributions have been paid. *See International Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 31 (D.D.C. 2002) ("ERISA authorizes the court to provide for other legal or equitable relief as the court deems appropriate [under 29 U.S.C. § 1132(g)(2)(E)]. This relief can include an injunction requiring a defendant to permit, and cooperate with, an audit of its books and records.").

2. <u>Delinquent Contributions, Liquidated Damages, and Interest</u>

The Trust Funds ask next that the Court require Defendants to pay all amounts found due and owing as a result of the audit. Under ERISA, a court shall award a fiduciary who prevails in a § 1145 claim, *inter alia*, (A) the unpaid contributions, (B) interest on the unpaid contributions, and (C) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages as specified in the plan (generally not to exceed 20 percent of the unpaid contributions). *See* 29 U.S.C. § 1132(g)(2). Accordingly, the Court recommends that the presiding judge retain jurisdiction over this case with regard to any contributions and damages determined owed to the Trust Funds after the audit has been completed. *See Walters v. Shaw/Guehnemann Corp.*, No. C 03-04058 WHA, 2004 U.S. Dist. LEXIS 11992, at *11-12 (N.D. Cal. Apr. 15, 2004) ("This Court retains jurisdiction over this case with regard to contributions and damages determined owed to plaintiffs during the audit."); *Carpenters 46 Northern Cal. Counties Conference Bd. v. San Jose Woodworking, Inc.*, No. C00-

United States District Court

For the Northern District of California

1  4690 TEH, 2001 WL 1671056 (N.D. Cal. Aug. 14, 2001) ("This Court shall retain jurisdiction of

2  this matter to enforce the Order compelling an audit and payment of all amounts found due and

3  owing.").

4          3.    Injunction

5          The Trust Funds further ask that the Court issue an injunction requiring Defendants to timely

6  submit all required monthly contribution reports and contributions due and owing, plus interest and

7  liquidated damages.  As indicated above, an order requiring Defendants to timely submit all required

8  monthly contribution reports is appropriate under ERISA.  *See* 29 U.S.C. § 1132(g)(2)(E)

9  (authorizing a court to order other legal or equitable relief).  In addition, as indicated above, it is

10  appropriate for the presiding judge to retain jurisdiction of the case to determine whether, based on

11  the contribution reports, contributions are due and owing.

12          4.    Attorney's Fees

13          Finally, the Trust Funds request that the Court award them attorney's fees in the amount of

14  $2,638.70, *see* Lozano-Batista Decl. ¶ 11, and costs in the amount of $847.69.  *See id.* ¶ 13.

15          A provision for fees and costs is a part of the Master Agreement.  *See* McBride Decl., Ex. B

16  (Master Agreement § 12.13.02) ("If any Individual Employer defaults in the making of such

17  payments [*i.e.*, contributions] and if either the Union, the Trusts or the Plan, or any of them, . . . files

18  or causes to be filed any suit or claim with respect thereto, there shall be added to the obligation of

19  the Employer who is in default all reasonable expenses incurred by the Union and the Trust in the

20  collection of same, including but not limited to, reasonable attorneys' fees, auditors' and accountants

21  fees, court costs and all other reasonable expenses incurred in connection with suit or claim . . . .").

22  Moreover, under ERISA, a court shall award a fiduciary who prevails in a § 1145 claim, *inter alia*,

23  reasonable attorney's fees and costs.  *See* 29 U.S.C. § 1132(g)(2)(D).  Accordingly, the Trust Fund

24  is entitled to fees and costs; the only question is what the proper amount of fees and costs is.

25          As to fees, the Court concludes that the $2,638.75 incurred is reasonable with respect to this

26  litigation.  The figure reflects an hourly rate of $225 for attorneys who worked on the matter for a

27  total of 10 hours and an hourly rate of $95 for paralegals who worked on the matter for 3.5 hours.

28  *See* Lozano-Batista Decl. ¶¶ 4, 8.

**United States District Court**
For the Northern District of California

1    As for costs, the Trust Funds ask to be compensated for the court filing fee, the cost of

2    service of process, and the cost of electronic research. *See id.* ¶ 12. According to the Trust Funds,

3    they have been billed for all of these costs. *See id.* ¶ 13. The Court recommends that the Trust

4    Funds be awarded all of their costs for a total of $847.69. The court filing fee and the cost of service

5    of process are identified as recoverable costs by 28 U.S.C. § 1920. *Cf. Agredano v. Mutual of*

6    *Omaha Cos.*, 75 F.3d 541, 544 (9th Cir. 1996) (holding the allowance for costs under 29 U.S.C. §

7    1132(g)(1) "empowers courts to award only the types of 'costs' allowed by 28 U.S.C. § 1920, and

8    only in the amounts allowed by section 1920 itself, by 28 U.S.C. § 1821 [providing for witness fees]

9    or by similar such provisions"); *see also* 28 U.S.C. § 1920 (stating that a court may tax as costs fees

10   of the clerk and marshal). While the cost of electronic research is not a cost contemplated by §

11   1920, it is appropriate for the Trust Funds to be awarded this cost as other legal or equitable relief

12   under 29 U.S.C. § 1132(g)(2)(E), since the Master Agreement specified that reasonable expenses

13   incurred in connection with a suit would be recoverable.

14   Accordingly, the Court recommends that the Trust Funds be awarded fees in the amount of

15   $2,638.75 and costs in the amount of $847.69.

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

## III.   <u>RECOMMENDATION</u>

For the foregoing reasons, the Court recommends that the Trust Funds' motion for default judgment be granted.  The Court further recommends that the presiding judge issue an order (1) requiring Defendants to make available in the State of California to the Trustees or their agents, all books, records, and papers necessary to conduct an audit to verify that the required contributions have been paid; (2) directing Defendants to timely submit all required monthly contributions reports; and (3) granting the Trust Funds fees in the amount of $2,638.75 and costs in the amount of $847.69. Finally, the Court recommends that the presiding judge retain jurisdiction over this case with regard to any contributions and damages determined owed to the Trust Funds after the audit has been completed and the monthly contribution reports provided.

Any party may file objections to this report and recommendation with the district judge within ten days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.


IT IS SO ORDERED.


Dated:  September 4, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge

United States District Court
For the Northern District of California

10